UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAHMOUD ASCARIE,<br><br>  Plaintiff,<br><br>v.<br><br>THE COUNTY OF SANTA CLARA, et al.,<br><br>  Defendants. | Case No.16-cv-05031-VKD<br><br>**ORDER DENYING MOTION TO SET ASIDE DISMISSAL**<br><br>Re: Dkt. No. 93 |

  Pursuant to Federal Rule of Civil Procedure 60(b), pro se plaintiff Mahmoud Ascarie moves to set aside the stipulated dismissal of this action. Dkt. Nos. 91, 93. Defendants County of Santa Clara ("the County"), Jim Lanz, MaryEllen Luna, Daren Wardell, Michael Harrison, and Joseph Takacs oppose the motion. Dkt. No. 94. Pursuant to Civil Local Rule 7-1(b), the Court finds Mr. Ascarie's motion suitable for decision without oral argument. Based on the parties' written submissions, the Court denies Mr. Ascarie's motion to reopen this action.

## I.  BACKGROUND

  Mr. Ascarie filed this action on August 31, 2016 pursuant to 28 U.S.C. § 1983, asserting that defendants violated his constitutional rights to free speech, equal protection, and due process under the First and Fourteenth Amendments by discriminating against him based on his race in the process of obtaining permits for use of certain property located in Gilroy, California. Dkt. No. 1. The parties eventually agreed to resolve their dispute and stipulated to dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) on September 21, 2018. Dkt. No. 90. Although a stipulated dismissal under Rule 41(a)(1)(A)(ii) does not require a Court order to be effective, the Court ordered the action dismissed. Dkt. No. 91.

On August 19, 2019, nearly a year later, Mr. Ascarie filed a motion to set aside the stipulated dismissal. Dkt. No. 93.

## II. DISCUSSION

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Like Rule 59(e), Rule 60(b) relief is extraordinary and will not apply to a showing which does not justify its application. *See Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989). "Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are committed to the sound discretion of the trial judge." *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994) (citation omitted).

The Court construes Mr. Ascarie's motion as one brought pursuant to Rule 60(b)(1), as he cites "mistake, inadvertence, excusable neglect . . . [and] surprise[]" as the basis for setting aside the dismissal of the action. Dkt. No. 93 at 2. Mr. Ascarie asserts that the mistake that occurred was his decision to "trust[] defendants." *Id.* The remainder of his motion consists primarily of descriptions of Mr. Ascarie's attempts to seek new permits and resolve past violations, and what he perceives as uncooperative and retaliatory behavior from the County and its employees. *Id.* at 2–3. That Mr. Ascarie now regrets having dismissed his case is not sufficient mistake, inadvertence, surprise, or excusable neglect for setting aside the dismissal. *Fuchs v. State Farm Gen. Ins. Co.*, 765 F. App'x 223, 224 (9th Cir. 2019) ("A party's regret is not the type of 'mistake' that provides relief under Rule 60(b)(1).").

Alternatively, Mr. Ascarie seeks to amend the claims in the dismissed action to include new allegations related to new permits and the potential demolition of buildings on the property. Defendants dispute a number of Mr. Ascarie's new allegations and assert that he lacks standing because he is not the legal owner of the property at issue or that owner's agent. Dkt. No. 94 at 4. Additionally, defendants assert that the property is now the subject of an ongoing action in California state court that the County filed concerning state law, ordinance code, and zoning ordinance violations. Dkt. No. 94, Ex. B. Mr. Ascarie filed two submissions in reply to defendants' opposition brief, and he did not dispute those facts in either of those submissions.

2

Dkt. Nos. 95, 96.

As explained above, Mr. Ascarie has identified no proper basis to reopen this action, whether to pursue his original claims or to amend those claims. Moreover, his motion recites allegations that appear to concern state or local permits and alleged violations and other matters that involve state and local law, including matters that may already be the subject of an existing state court proceeding. In any event, the dismissed action is not the appropriate vehicle for Mr. Ascarie to seek relief as to these matters. Instead, he may initiate a new action in the appropriate forum with jurisdiction over his claims.

## III. CONCLUSION

For the foregoing reasons, Mr. Ascarie's Rule 60(b) motion for relief from judgment is denied.

**IT IS SO ORDERED.**

Dated: October 7, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge